1 | STEPHEN R. JAFFE   SBN 49539
ROSA VIGIL-GALLENBERG  SBN 251872
2 | THE JAFFE LAW FIRM
101 California Street, Suite 2450
3 | San Francisco, CA  94111
Telephone:    415.618.0100
4 | Facsimile:     415.618.0880
www.JaffeTrialLaw.com
5 |
Attorneys for SEAN ROSE, MARY AQUINO, MITCHELL
6 | NELSON, and LUCY STEARNS, Relators

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA, *ex rel.*

Case No.

12 | SEAN ROSE, MARY AQUINO,
MITCHELL NELSON and LUCY

COMPLAINT FOR DAMAGES, AND
DEMAND FOR JURY TRIAL

13 | STEARNS,

14 |

Claims:

15 | Plaintiffs,

1.  Knowingly Presenting, or Causing to
Be Presented, a False or Fraudulent
16 | Claim for Payment or Approval, 31
U.S.C. § 3729(a)(1)(A).

17

18 | vs.

2.  Knowingly Making, Using, or
Causing to Be Made or Used, a False
19 | Record or Statement Material to a
False or Fraudulent Claim, 31
20 | STEPHENS INSTITUTE, a California
corporation, doing business as ACADEMY
U.S.C. § 3729(a)(1)(B).
21 | OF ART UNIVERSITY and DOES 1 through
50, Inclusive,

22

23 | Defendants.

24

25

26

27

28

1   Plaintiffs and Relators SEAN ROSE, MARY AQUINO, MITCHELL NELSON and LUCY

2   STEARNS allege as follows:

3                          **I.      PRELIMINARY ALLEGATIONS**

4          1.      This is an action to recover damages and civil penalties on behalf of the United

5   States of America arising out of false claims presented by defendant Stephens Institute doing

6   business as Academy of Art University ("AAU").

7          2.      From at least the Fall of 2003, continually, through the present, AAU obtained

8   millions of dollars annually from the United States Department of Education ("DOE") pursuant

9   to the Higher Education Act, Title IV ("HEA").

10         3.      As a condition of receiving such funds, AAU represented to the DOE that it was

11  in compliance with the HEA's prohibition against incentive based compensation for recruiters.

12         4.      In fact, at all relevant times herein, AAU was not in compliance with the HEA's

13  incentive compensation ban and its representations of compliance to the DOE were and are false.

14         5.      AAU had and continues to have actual knowledge that they are not in

15  compliance with the HEA's ban, that its representations of compliance were and are false and

16  that it was therefore submitting false or fraudulent representations of compliance.

17         6.      Alternatively, Defendants acted with deliberate indifference and/or reckless

18  disregard as to the truth or falsity of the claims.

19         7.      Relators assert causes of action/claims under the False Claims Act for

20  submission of a knowingly false or fraudulent claim for payment or approval, and knowingly

21  presenting false records or statements to get a false or fraudulent claim paid or approved, in

22  violation of 31 U.S.C. § 3729(a)(1) and (2).

23                         **II.     JURISDICTION AND VENUE**

24         8.      This action is brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729, *et*

25  *seq*.  Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331. This case arises from

26  the wrongful conduct of the Defendants incident to obtaining funds from the United States of

27  Department of Education pursuant to the Higher Education Act, Title IV.

28         9.      This Court has *in personam* jurisdiction over the Defendants under 31 U.S.C. §

THE JFFE LAW FIRM

2

1  3732(a).

2      10.    Venue is proper in the Northern District of California because Defendants

3  maintain and operate their campus within this District.

4      11.    31 U.S.C. § 3732(a) provides, "Any action under 3730 may be brought in any

5  judicial district in which the defendant or, in the case of multiple defendants, any one defendant,

6  can be found, resides, transacts business, or in which any act proscribed by section 3729

7  occurred."

8                          **III.    PLAINTIFFS**

9      12.    *Qui Tam* plaintiffs-relators SEAN ROSE, MARY AQUINO, MITCHELL

10  NELSON, and LUCY STEARNS are citizens of the United States of America and are residents

11  of the Northern District of California.  All of the plaintiff-relators are presently employed by

12  defendant AAU as "Admissions Representatives" in San Francisco, California.  Plaintiff-relators

13  bring this action on behalf of the United States of America.

14      13.    Relators, simultaneously with the filing of this Complaint, provided to the United

15  States Attorney for the Northern District of California a statement of all material evidence and

16  information related to this Complaint as required under the False Claims Act, 31 U.S.C. §

17  3730(b)(2).

18      14.    The United States of America is named a plaintiff in this action because funds of

19  the United States of America were fraudulently obtained by defendant AAU.

20                          **IV.    DEFENDANTS**

21      15.    Defendant AAU is a private, for-profit higher education institution, which

22  maintains multiple academic and housing facilities in San Francisco, California.  AAU claims to

23  be the largest private school of art and design in the United States and that it is accredited by the

24  Western Association of Schools and Colleges ("WASC").

25      16.    Relators are unaware of the true names and capacities of the Defendants sued as

26  Does 1 through 50.  Plaintiffs will amend their complaint when their true names and capacities

27  have been ascertained.  Each Doe Defendant is responsible in some actionable manner for the

28  events, occurrences, injuries and damages alleged herein.

THE JFFE LAW FIRM

3

1    17.    The term "defendants" refers collectively to the aforesaid defendants acting by

2  and through their managerial employees, and each of them.

3    18.    In doing the acts and things described in this complaint, managerial employees of

4  the defendants acted within the course and scope of their respective agencies and/or employment

5  with the defendants, and each of them, with the knowledge and consent of the defendants, and

6  each of them.

7    19.    In doing the acts and things described in this complaint each defendant was the

8  authorized agent of each other defendant.

9  **V.    SPECIFIC FALSE CLAIMS AND FRAUDULENT STATEMENTS**

10 **A. <u>Summary of the Fraudulent Conduct</u>**

11   20.    20 U.S.C. § 1094 prohibits colleges and universities that receive federal funds

12 from providing "any commission, bonus, or other incentive payment based directly or indirectly

13 on success in securing enrollments or financial aid to any persons or entities engaged in any

14 student recruiting or admission activities…."  This law is intended to prevent and avoid the risk

15 that recruiters will enroll poorly qualified students who will derive little benefit from federally-

16 funded tuition and other subsidies and may be unable or unwilling to repay federally guaranteed

17 loans.

18   21.    At all material times herein, AAU violated the foregoing Title IV prohibition by

19 compensating admissions representatives, including (but not limited to) the plaintiff-relators

20 herein, in a manner directly based upon and proportional to their success in securing student

21 enrollments.

22   22.    During this period, admissions representatives including (but not limited to) the

23 plaintiff-relators herein, were given an enrollment goal at the start of each recruiting period.

24   23.    Based solely on whether or not they met this enrollment goal, the compensation of

25 admission representatives including (but not limited to) the plaintiff-relators herein, was

26 increased or decreased twice a year.

27   24.    At all times mentioned herein, AAU was and is fully aware of the illegality of the

28 compensation structure and scheme.

THE JFFE LAW FIRM

4

1     25.     In an effort to conceal its foregoing unlawful conduct, AAU did not and does not

2 allow its admissions representatives to retain any written documentation of its incentive

3 compensation scheme. Instead AAU conveyed the enrollment goals and accompanying financial

4 incentives only through information sheets that were shown to admissions representatives at their

5 semiannual evaluations but were retained by AAU.

6 **B.   AAU's False Certifications of Compliance to the Federal Government**

7     26.     Educational institutions request Title IV funds for eligible students through

8 several programs, including the federally funded Pell Grant Program ("Pell"), the Federal

9 Supplemental Educational Opportunity Grant Program ("FSEOG"), the Federal Perkins Loan

10 Program ("Perkins") and the Federal Family Education Loan Program ("FFELP").

11     27.     AAU's eligibility to receive these funds is explicitly conditioned on its

12 compliance with the incentive compensation ban in at least three separate respects.

13     28.     First, in order to be eligible to receive Title IV funds, educational institutions are

14 required to enter into a Program Participation Agreement with the United States Government,

15 which prohibits incentive compensation. AAU entered a Program Participation Agreement with

16 the United States Government that states:

17
18     The execution of this Agreement [which contains a reference to the incentive
    compensation ban] by the Institution and the Secretary is a prerequisite to the
    Institution's initial or continued participation in any Title IV, HEA Program.
19

20     29.     Second, 20 U.S.C. § 1094(a) states that in order to be eligible to receive Title IV

21 funds, an institution must:

22     [E]nter into a program participation agreement with the Secretary [of Education]. The
    agreement ***shall*** condition the initial and continuing eligibility of an institution to
23     participate in a program upon compliance with the following requirements ... [including
    the incentive compensation ban.] 20 U.S.C. § 1094(a) [emphasis added].
24

25     30.     Third, 34 C.F.R. § 668.14(a)(1) states:
26

27     An institution may participate in any Title IV, HEA program ... only if the institution
    enters into a written program participation agreement with the Secretary.... A program
28     participation agreement conditions the initial and continued participation of an eligible

1    institution in any Title IV, HEA program upon compliance with the provisions of this
2    part [such as the incentive compensation ban.]"  34 C.F.R. § 668.14(a)(1).

3        31.    Compliance with the ban prohibiting incentive compensation is thus a necessary
4    condition of eligibility to receive Title IV funds.

5        32.    By falsely representing its compliance with the incentive compensation ban in the
6    Agreement, AAU made knowingly false statements which has resulted in the Department of
7    Education paying millions of dollars to AAU which it was not entitled to lawfully receive.

8    C. **AAU's Claims For The Federal Government Funds**

9        33.    Upon entering the Program Participation Agreement with the United States
10   Secretary of Education, AAU became eligible to request the Title IV funds from the United
11   States Secretary of Education (for Pell Grant funds) or from third party lenders (for government-
12   insured loans).

13       34.    To obtain Pell Grant funds, AAU submits a request for those funds directly to the
14   Secretary of the United States Department of Education.  The request for funds is not a student
15   application but rather a request prepared and transmitted by AAU to the Secretary of the United
16   States Department of Education, stating the requested amount of funds.  The United States
17   Department of Education transfers the Pell Grant funds electronically directly into a AAU
18   account.  Upon receiving the Pell Grant funds, AAU credits various AAU students for tuition
19   paid.

20       35.    AAU's claims for the Pell Grant funds are fraudulent.  When AAU requests,
21   receives and retains Pell Grant funds, AAU knows it is not eligible to lawfully receive those
22   funds because of its intentional violations of the Higher Education Act incentive compensation
23   ban as alleged hereinabove.

24       36.    To obtain government-insured loans for enrolling students, including the FFELP,
25   AAU submits the request for those funds directly to a private lender.  The lender then transfers
26   the government-insured loan funds directly into a AAU bank account.  Upon receiving the
27   government-insured loan funds, AAU credits various AAU students for tuition paid.

28       37.    AAU's violations of the HEA incentive compensation ban make it an ineligible

THE JFFE LAW FIRM

1  educational institution to request and disburse Title IV funds and thus its students are ineligible

2  under the Title IV program.

3      38.    AAU's claims for federal government-insured loan funds are fraudulent.  When

4  AAU requests, receives and retains the government-insured loan funds, AAU knows it is

5  ineligible for those funds because of its intentional violations of the Higher Education Act

6  incentive compensation ban.  AAU knows that compliance with the Higher Education Act

7  funding statute incentive compensation restriction is a core prerequisite for an institution's

8  eligibility to request and receive Title IV funds.

9      39.    The United States Government pays all interest on the government-insured loans

10  while the students are enrolled in classes and during authorized grace periods.  The loans are

11  guaranteed by state agencies and/or non-profit organizations ("guarantee agencies"), and are

12  subsidized and reinsured by the United States Department of Education.  If a student defaults, the

13  guarantee agency reimburses the lender.  If the guarantee agency cannot collect from the student,

14  the Department of Education reimburses the agency.

15      40.    The United States Department of Education monitors loan defaults of

16  postsecondary schools and calculates a "cohort default rate" every year for AAU.  The

17  Department of Education calculates the loss to the United States Government relying upon this

18  rate.

19  **D. AAU's Incentive Compensation Scheme**

20      41.    From at least the Fall 2003 semester to the present, AAU, violated and continues

21  to violate the Title IV ban, by compensating admissions representatives, including (without

22  limitation) the plaintiff-relators herein, based directly upon their success in securing student

23  enrollments.  During this period, AAU formally evaluated its admissions representatives and

24  adjusted their salaries twice a year in March and October.

25      42.    At these evaluations, each admissions representative including (without

26  limitation) the plaintiff-relators herein, was given a goal of enrolling a certain number of students

27  for the following semester.  Admissions representatives were told that if they met this "goal," (in

28  reality, a quota) their annual salary would be increased $30,000 at the time of their next

7

1   evaluation. If the admissions representatives then met their registration and enrollment goals,

2   AAU increased their salary by $30,000 at the time of their next review.

3       43.    Plaintiff-relators' salary histories illustrate and substantiate the unlawful

4   compensation scheme alleged herein.

5       44.    In addition to salary, AAU also illegally compensates enrollment counselors

6   based upon enrollments through trips and gifts. Enrollment counselors were promised a trip to

7   Hawaii if their team enrolled a minimum number of students.

8                                **FIRST CLAIM**

9   **Knowingly Presenting, or Causing to Be Presented, a False or Fraudulent Claim for**
10                  **Payment or Approval, 31 U.S.C. § 3729(a)(1)(A).**

11      45.    Plaintiffs re-allege, and fully incorporate herein by reference, paragraphs 1

12  through 44 herein.

13      46.    In performing all of the acts set out herein, defendants knowingly presented, or

14  caused to be presented, multiple false and/or fraudulent claims to the United States Department

15  of Education for its payment or approval, in violation of the False Claims Act (31 U.S.C. §

16  3729(a)(1)(A), to the damage of the Treasury of the United States of America, causing the

17  United States to pay out millions of dollars to AAU it was not obligated to pay.

18                                **SECOND CLAIM**

19  **Knowingly Making, Using, or Causing to Be Made or Used, a False Record or Statement**
20              **Material to a False or Fraudulent Claim, 31 U.S.C. § 3729(a)(1)(B).**

21      47.    Plaintiff-relators  re-allege, and fully incorporate herein by reference, paragraphs

22  1 through 46 herein.

23      48.    By virtue of the acts described above, AAU has knowingly made, used or caused

24  to be made or used, false records or statement material to a false or fraudulent claim, in

25  contravention of the False Claims Act (31 U.S.C. §3729(a)(1)(B)), to the damage of the Treasury

26  of the United States of America, by causing it to pay out millions of dollars to AAU it was not

27  obligated to pay.

28  //

THE JFFE LAW FIRM

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

1.  Judgment in favor of the United States of America against defendants, jointly and severally, by reason of the violations of the False Claims Act as set forth above, in an amount equal to three times the amount of damages the United States has sustained because of defendants' actions, plus a civil penalty of not less than Five Thousand Dollars ($5,000), and not more than Ten Thousand Dollars ($10,000.00), for each violation;

2.  Award to plaintiff-relators, as *Qui Tam* plaintiffs, of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) of the False Claims Act on the United States' Recovery;

3.  Award to plaintiff-relators of all reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs;

4.  Punitive damages on all causes of action, to the extent allowable by law; and

5.  Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff-relators demand a trial by jury.

Dated: December 21, 2009          THE JAFFE LAW FIRM

By: _____
    STEPHEN R. JAFFE
    ATTORNEYS FOR *QUI TAM* PLAINTIFF-
    RELATORS SEAN ROSE, MARY AQUINO,
    MITCHELL NELSON, AND LUCY STEARNS.

THE JFFE LAW FIRM

9