STEVEN M. GOMBOS (VA SBN 30788) (Admitted *pro hac vice*)
Ritzert & Leyton, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email:  sgombos@ritzert-leyton.com

LELAND B. ALTSCHULER (SBN 81459)
2995 Woodside Road, Suite 350
Woodside, CA 94062
Telephone: (650) 328-7917
Facsimile: (650) 989-4200
Email: lee@altschulerlaw.com

Counsel for Defendant
Stephens Institute
d/b/a Academy of Art University

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SCOTT ROSE, MARY AQUINO, MITCHELL NELSON AND LUCY STEARNS,<br><br>           Plaintiffs,<br>     vs.<br><br>STEPHENS INSTITUTE, a California corporation, doing business as ACADEMY OF ART UNIVERSITY and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.: C-09-5966 PJH<br><br>**ANSWER AND GROUNDS OF DEFENSE**<br><br>DATE:  July 12, 2012<br>JUDGE: Hon. Phyllis Hamilton |

## DEFENDANTS' ANSWER AND GROUNDS OF DEFENSE

Defendants, Stephens Institute, a California corporation, doing business as Academy of Art University ("AAU") and Does 1 through 50, inclusive ("Doe Defendants") (collectively,

AAU and Doe Defendants shall be referred to as Defendants), state the following as their answer and grounds of defense to the Second Amended Complaint filed by United States of America, *ex rel.*, Scott Rose ("Rose"), Mary Aquino ("Aquino"), Mitchell Nelson ("Nelson"), and Lucy Stearns ("Stearns").  Collectively, United States of America, *ex rel.*, Rose, Aquino, Nelson, and Stearns shall be referred to as "Plaintiffs".  Any allegation of fact not specifically is denied.  The numbered paragraphs below correlate to those same numbered paragraphs in the Second Amended Complaint ("SAC").

    1.    This paragraph does not contain any allegations of fact.  To the extent it is determined to contain any allegation of fact, it is denied.

    2.    It is admitted that AAU has participated in Title IV programs offered by the United States Department of Education ("ED" or "DOE") pursuant to the Higher Education Act, as amended from time to time, since the Fall of 2003.  It is denied that AAU obtained monies from ED as alleged.

    3.    Denied as pled.

    4.    Denied.

    5.    Denied.

    6.    Denied.

    7.    It is admitted the relators are asserting claims under the False Claims Act but it is denied the claims are accurate or justified and the allegations in this paragraph, if any, are denied.

    8.    Defendants reserve the right to contest this allegation and demand strict proof thereof.

    9.    Defendants reserve the right to contest this allegation and demand strict proof

thereof.

10. Defendants reserve the right to contest this allegation and demand strict proof thereof.

11. It is admitted the referenced statute contains the words quoted by Plaintiffs but it is denied this paragraph contains any allegations of fact to which a response is necessary. To the extent it is determined this paragraph contains any factual allegation, it is denied.

12. Defendants lack sufficient information to either admit or deny the allegations about Plaintiffs' citizenship status. It is admitted Rose and Nelson reside in the Northern District of California. Defendants have information that Aquino resides in and around Washington, D.C., and that Stearns may be residing in and around Palm Springs, California, so it is denied they reside in the Northern District of California.

13. Defendants lack sufficient information to either admit or deny these allegations and demand strict proof thereof.

14. Denied.

15. AAU admits it is a private, for-profit institution of higher education operating primarily in San Francisco, California and admits it is among the largest private schools of art and design and that it is accredited by WASC, a regional accrediting body.

16. Defendants lack sufficient information to admit or deny whether Relators are aware of the identity of the Doe Defendants. It is denied that any action by any Doe defendant is actionable as alleged. Any other factual allegations contained in this paragraph are denied.

17. This paragraph does not contain any allegations of fact and to the extent it is determined to contain any, they are denied.

18. Denied.

19. Denied.

20. It is denied that the referenced statute is the current applicable law. It is admitted that the law relating to incentive compensation that was effective for the times relevant to this lawsuit allowed consideration of success in enrolling students when evaluating performance for purposes of adjustments in compensation as long as it was not the sole criteria. The balance of this paragraph contains a statement of opinion as opposed to allegations of fact. To the extent it is determined this paragraph contains any factual allegation, it is denied.

21. Admitted.

22. Denied.

23. Denied.

24. It is admitted that AAU expected its admission representatives to perform the core function of their job. It is denied admission representatives were improperly encouraged or pressured in performing their jobs. Any other allegations are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. It is admitted that many educational institutions participate in Title IV programs at least some of which are identified in this paragraph.  Any other allegations in this paragraph are denied.

38. Denied as pled.

39. It is admitted that educational institutions seeking to participate in Title IV programs must enter a program participation agreement with ED.  It is denied the program participation agreement contains the specific language alleged.  It is admitted the program participation agreement includes reference to many regulatory provisions.  Any other allegations of fact in this paragraph are denied.

40. This paragraph does not contain an allegation of fact and any reference document or statute speaks for itself.

41. This paragraph does not contain an allegation of fact and any reference document or statute speaks for itself.

42. Denied.

43. Denied.

44. It is admitted that the program participation agreement allows an institution to participate in Title IV programs.   Any other allegations of fact determined to be in this paragraph are denied.

45. It is admitted that the allegations are generally correct but fail to provide many details relating to requests for and payment of funds from Pell Grants.  Denied as pled.

46. Denied.

47. It is admitted that the allegations are generally correct but fail to provide many details relating to the request for and payment of funds from government insured loans. Denied as pled.

48. Denied.

49. Denied.

50. The statements in this paragraph are generally correct but there are many other relevant requirements involved in these processes. Any other allegations of fact determined to be in this paragraph are denied.

51. It is admitted that a cohort default rate is calculated and that there are related regulations. It is not known exactly what ED does with the rates with respect to calculating losses for the federal government.

52. The responses to paragraphs 1 through 52, inclusive, above, are incorporated as if fully stated herein.

53. Denied.

54. The responses to paragraphs 1 through 53, inclusive, above, are incorporated as if fully stated herein.

55. Denied.

### DEFENSES and AFFIRMATIVE DEFENSES

Defendants may rely on any of the following defenses and/or affirmative defenses.

A. The SAC fails to state claims upon which relief may be granted.

B. Plaintiffs' own actions prevent their recovery.

C. The Court lacks subject matter jurisdiction, in whole or in part, over the claims alleged.

D. Federal, state, national, and/or regional administrative agencies have primary jurisdiction to determine the issues raised in the SAC such that this Court should stay this case and defer to determinations by those agencies.

E. The claims in the SAC are barred by administrative procedures and requirements under applicable state law(s).

F. The claims are barred by the statute of limitations.

G. The claims are barred by laches.

H. The claims are barred by express or implied waiver.

I. The claims are barred by the doctrine of unclean hands.

J. Plaintiffs' conduct prevents their recovery and estops their claims.

K. Plaintiffs have failed to mitigate their claimed damages.

L. Plaintiffs failed to exhaust administrative remedies.

M. Plaintiffs' claims are barred by AAU's compliance with the terms and conditions of any agreement it had with Plaintiffs.

N. Plaintiffs' claims are barred by their failure to comply with the terms and conditions of their employment with AAU.

O. Plaintiffs' claims are barred because Defendants did not breach a material term of any contract or obligation or claim for payment.

P. Plaintiffs' claims are barred by their breach of the covenant of good faith and fair dealing.

Q. Plaintiffs lack standing to bring the claims in the SAC.

R. Plaintiffs' claims are barred because they or students receiving funding to attend AAU received valuable education, services, books, and other items of value in exchange for

payment to AAU.

S. Plaintiffs' claims are barred because any employee of AAU that violated any law, regulation, or condition acted without authority and was outside the scope of employment and could not bind AAU or otherwise cause AAU to ratify such actions.

T. Plaintiffs' would be unjustly enriched if allowed to recover damages sought in the SAC.

U. Plaintiffs' claims are barred because the alleged injuries and damages were caused by persons and/or entities for which AAU is not responsible.

V. Plaintiffs' claims are barred because they continued to receive payments pursuant to an alleged improper compensation system while contending to have actual or constructive knowledge of alleged violations of federal and/or state laws.

W. Plaintiffs' claims are subject to set-off by the value of the goods and services provided by Defendants.

X. Plaintiffs' claims for damages are barred because they are too speculative and/or remote so as to be impossible to ascertain and/or unavailable as a matter of law.

Y. Plaintiffs' claims for damages and penalties are barred by the excessive fines clause in the Eighth Amendment to the United States Constitution and/or analogous state constitutional provisions.

Z. Plaintiffs' claims for damages and penalties violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and analogous state provisions because they are grossly disproportionate to any liability, Plaintiffs failed to provide Defendants with adequate notice of alleged misconduct violating any law.

AA. AAU did not know and had no reason to know that any false claims were made

and it maintains no such claims were made.

  BB. Plaintiffs have not suffered any actual injury or damages.

  CC. Plaintiffs' recovery, if any, should be barred or reduced because of the contributory or comparative negligence or fault of the Plaintiffs or others.

  DD. Plaintiffs' claims are barred by the doctrine of *pari delicto*.

  EE. Plaintiffs' claims are barred by the provisions of 31 U.S.C. Sections 3730(e)(4) and/or 3730(b)(5).

  FF. To the extent Plaintiffs seek exemplary, multiple, and/or punitive damages or any penalties and/or damages above and beyond actual damages such recovery would violate Defendants' right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

  GG. Defendants reserve the right to rely upon and identify such other and further defenses as may be determined through discovery and/or investigation.

Dated: July 12, 2012

          /s/
        Steven M. Gombos, VA SBN 30788
        (admitted p*ro hac vice*)
        Ritzert & Leyton, P.C.
        11350 Random Hills Road, Suite 400
        Fairfax, Virginia 22030
        Telephone:  (703) 934-2660
        Facsimile:  (703) 934-9840
        Email:  sgombos@ritzert-leyton.com
        Lead Counsel for Defendant

          /s/
        Leland B. Altschuler, Esq., (SBN 81459)
        2995 Woodside Road, Suite 350
        Woodside, CA 94062
        Telephone: (650) 328-7917
        Facsimile: (650) 989-4200
        Email: lee@altschulerlaw.com
        Local Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that I will/have electronically file(d) the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy via electronic transmission to the following on July 12, 2012:

Stephen R. Jaffe
The Jaffe Law Firm
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 618-0100
Facsimile: (415) 618-0880

Martha A Boersch
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: (415) 217-3700
Facsimile: (415) 888-2372
Martha@boerschlaw.com

                                            /s/
                                  Steven M. Gombos
                                  Counsel for Defendant