STEVEN M. GOMBOS (VA SBN 30788) (Admitted *pro hac vice*)
Ritzert & Leyton, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@ritzert-leyton.com

LELAND B. ALTSCHULER (SBN 81459)
2995 Woodside Road, Suite 350
Woodside, CA 94062
Telephone: (650) 328-7917
Facsimile: (650) 989-4200
Email: lee@altschulerlaw.com

Counsel for Defendant
Stephens Institute
d/b/a Academy of Art University

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SCOTT ROSE, MARY AQUINO, MITCHELL NELSON AND LUCY STEARNS,<br><br>Plaintiffs,<br>vs.<br><br>STEPHENS INSTITUTE, a California corporation, doing business as ACADEMY OF ART UNIVERSITY and DOES 1 through 50, inclusive,<br><br>Defendant. | **Case No.: C-09-5966 PJH**<br><br>**Motion For Protective Order And To Modifying Deadlines**<br><br>**[REQUEST PURSUANT TO L.R. 6-3]**<br><br>**DATE: July 22, 2014**<br>**JUDGE: Hon. Phyllis Hamilton** |

**MOTION FOR PROTECTIVE ORDER AND ORDER MODIFYING DEADLINES**

Defendant moves for entry of a protective order relating to the production of Electronically Stored Information ("ESI"), entry of an order modifying the Scheduling Order

(Doc. 82) or any existing case management order to extend the discovery deadlines, and to adjust the trial date on the grounds stated below.

The Declaration filed with this Motion provides reasons requiring additional time for discovery, efforts to obtain a stipulation, the substantial harm and prejudice that would occur if the relief is not granted, identification of prior adjustments in the case, and describes the effect the requested schedule modification will have as required by Local Rule 6-3. Counsel have conferred and agree that oral argument is appropriate if permitted by the Court.

### A. Entry of a Protective Order is Appropriate Because the Demands of ESI Production in this Case are Extraordinary.

AAU seeks entry of a protective order to prevent incurring substantial additional costs that would otherwise be necessary to complete the significant ESI production required by Plaintiffs' discovery requests.[1] In addition, emerging complications with the ESI production justify modification of the current discovery schedule to allow the Parties to complete ESI production before additional discovery (primarily depositions) occurs.

#### 1. ESI Production to Date

The amount of ESI data being processed in this case is extraordinary by any reasonable measure. Indeed, Plaintiffs seek production of ESI spanning more than a decade and involving hundreds of employees and former employees.[2] Even before discovery commenced, Defendant produced almost 100 GB of native file ESI in good faith. An additional 305 GB of data has been

[1] Even though the Parties discussed narrowing the broad scope of discovery sought by the Plaintiffs the amount of ESI data at issue in this case remains substantial.

[2] For example, the respective Rule 26 Initial Disclosures identify over 600 employees and former employees involved in the school's admissions process since 2003 who may have information relevant to this litigation. Even though the Parties have tried to limit the number of custodians for whom ESI is being collected, processed, and produced, the amount of ESI that has been processed to date is over 300 GB. Defendant has also produced almost 100 GB of data in native form in this case. Defendant has incurred over $180,000 in related production expenses to date. *See*, Ritzert Dec., ¶¶ 14, and 17-48.

processed using agreed-upon keyword searches. *See,* Ritzert Dec., ¶¶ 10-20. Defendant estimates that it has produced over six million pages to date. *See,* Ritzert Dec., ¶ 27.

**2. <u>The Lack of Input from Plaintiffs Contributed to the Delays in ESI Production</u>**

The lack of input from Plaintiffs during the ESI production process that began around February 24, 2014, has contributed to delays associated with ESI processing and production. *See*, Ritzert Dec., ¶¶ 32-42. While Defendant is not trying to shift primary responsibility for ESI production in this case given the fundamental reality that it possesses most of the ESI, Plaintiffs have an obligation to provide good-faith input about the process and it is incumbent on Plaintiffs to evaluate and provide feedback about perceived deficiencies in a timely manner. Their failure to do so should preclude them from subsequently complaining about delays associated with efforts to identify and resolve production issues. Defendant assumed the significant burden of reproducing over 60 data load files in good faith along with the on-going burden of additional production and performing quality control measures. *See*, Ritzert Dec. ¶¶ 40-44.

**B. Despite Good Faith Efforts Defendant Cannot Meet the Existing Discovery Deadlines Due to the Volume of ESI Data.**

As noted above, Defendant has produced millions of pages of ESI and other records in this case in response in discovery. Significant additional production, including ESI, is expected. Defendant has acted reasonably and in good faith by utilizing a database provided by Thomson Reuters and in contracting with third-party vendors to address problems identified during the ESI production. Although there have been delays due to technical issues, production continued on a rolling basis and certainly was provided on a time-line that allowed for on-going review by Plaintiffs. In addition, significant quality assurance is required to ensure the accuracy and

completeness of the production. Under these circumstances the previous deadlines for discovery and other scheduling should be adjusted to account for the realities of this complex case.

**1. Phased Discovery and Adjustment of Deadlines Will Provide Significant Common Sense Benefits to All Parties**

Primarily, a revised scheduling order is necessary to allow for the production, evaluation, and use of the documents in preparing for and conducting depositions. An extension of the discovery deadline is appropriate under these circumstances and it will benefit the Parties equally. For instance, the documents are expected to be particularly relevant to depositions of the parties and other witnesses. The parties are currently scheduling depositions and a revised order will allow them to agree upon an appropriate deposition schedule after production and evaluation of ESI. To date, Defendant has borne (and continues to bear) the costs for storing the data such that there is no harm to Plaintiffs if the Court grants this relief.

There are other aspects of the current deadlines that support this request for adjustments. For example, the current schedule provides that Defendant's motion for summary judgment is due over two months *before* Plaintiffs are required to identify their experts. The Parties' efforts have been primarily focused on ESI production and neither has requested an adjustment to ensure all discovery is complete and the Parties have a fair opportunity to seek summary judgment. *See*, Ritzert Dec., ¶¶ 59-60. Plaintiffs' proposed one-sided adjustment would effectively eliminate Defendant's opportunity to move for summary judgment and is, therefore, inappropriate given the production made to date.

Defendant seeks entry of an order adjusting and phasing discovery deadlines to allow for completion of ESI and depositions to ensure a cost-effective approach that avoids the need for continuing or multiple depositions. Defendant further proposes setting October 17, 2014 as the deadline to complete ESI production. An alternative is to require the Parties to confer and

periodically report back to the Court on a date certain or periodically report their progress to either the Magistrate Judge or possibly a third-party to evaluate progress and determine if additional adjustment is appropriate. Assuming ESI production is completed by that deadline, the Parties can begin to schedule depositions, particularly those that might rely upon ESI production thereafter. However, this would not preclude either Party from conducting depositions before that time as each might determine appropriate.

**2. <u>Plaintiffs Will Suffer No Prejudice</u>**

The relief sought would benefit both Parties and not result in prejudice to Plaintiffs. Based upon production and discovery to-date related to the broad allegations of actions over more than a ten-year period, the current schedule must be adjusted.[3] This Motion merely requests relief that will result in fair, cost-effective, and appropriate adjustments to the discovery and trial schedule without causing any prejudice to Plaintiffs**.**

**C. <u>The Cost to Expedite ESI Production is Prohibitive</u>**

Defendants should not be required to incur additional costs in making the ESI production because the cost to expedite the process through a third-party vendor is prohibitive. Defendants began considering the need to seek a protective order based in large part on Plaintiffs' recent demand that it receive the then remaining 17 data load files by June 30, 2014. While Defendant has now completed reproduction of those load files as indicated above, Defendant received an estimate of $145,000 from a third-party vendor for that portion of the reproduction to create the text files from those data load files already produced within the timeframe demanded by Plaintiffs. *See*, Ritzert Dec., ¶¶ 45-46. Given a reasonable amount of time, Defendant can produce ESI at a significantly reduced cost compared to third-party vendors. *See*, Ritzert Dec., ¶

[3] Defendant suggests that the scheduling considerations in a similar *qui tam* case provides illustrative guidance as to why an expanded period of discovery and phasing of discovery is appropriate in this case. *See*, Ritzert Dec., Section F - ¶¶ 61-70.

47. Importantly, Plaintiffs have not identified any documents in the production to date that substantiates their case.

Wherefore, Defendant respectfully requests an adjustment to the discovery and other scheduling deadlines as well as trial pursuant to Rule 6-3(a) for the reasons stated above.

Dated: July 22, 2014

/s/

Steven M. Gombos, VA SBN 30788
(admitted *pro hac vice)*
Ritzert & Leyton, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@ritzert-leyton.com
Lead Counsel for Defendant

/s/

Leland B. Altschuler, Esq., (SBN 81459)
2995 Woodside Road, Suite 350
Woodside, CA 94062
Telephone: (650) 328-7917
Facsimile: (650) 989-4200
Email: lee@altschulerlaw.com
Local Counsel for Defendant

**CERTIFICATE OF SERVICE**

I certify that I will/have electronically file(d) the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy via electronic transmission to the following on July 22, 2014:

Stephen R. Jaffe
The Jaffe Law Firm
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 618-0100
Facsimile: (415) 618-0880

Martha A Boersch
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: (415) 217-3700
Facsimile: (415) 888-2372
Martha@boerschlaw.com

Ila Casy Deiss
United States Attorney's Office
Northern District of California
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
415-436-7124
415-436-7169 (fax)
ila.deiss@usdoj.gov

/s/
Steven M. Gombos
Counsel for Defendant