UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ROSE, et al., <br>     Plaintiffs, <br>   v. <br> STEPHENS INSTITUTE, <br>     Defendant. | Case No. 09-cv-5966-PJH <br><br> **ORDER RE SUPPLEMENTAL BRIEFING** |

Based on the arguments presented at the hearing on defendant's motion for summary judgment, the court directs the parties to file supplemental briefs regarding two issues.

First, defendant is directed to file a supplemental brief, not to exceed ten pages, on the issue of the "public disclosure bar" and whether it implicates this court's subject matter jurisdiction over the case. Defendant should also present facts that explain why this argument was not included in its motion for summary judgment. Defendant's brief must be filed by **March 16, 2016**, and plaintiffs shall have until **March 23, 2016** to file a response, which shall not exceed ten pages.

Second, plaintiff is directed to file a supplemental brief regarding the meaningful difference (if any) between the two asserted causes of action. The first cause of action is brought under 31 U.S.C. § 3729(a)(1)(A), which applies to anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." The second cause of action, brought under 31 U.S.C. § 3729(a)(1)(B) covers anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement

material to a false or fraudulent claim." On their face, the relevant difference appears to be that subsection (A) requires a false/fraudulent claim, whereas subsection (B) requires a false record/statement made in connection with a false claim (as long as the record/statement is material). Plaintiffs did not address this distinction in their papers, nor did they adequately explain at the hearing how their evidence relates to the two causes of action and whether different types/categories of evidence are used to support the two different claims. Plaintiffs are therefore directed to file a supplemental brief, not to exceed five pages, on this issue. Plaintiffs' brief must be filed by **March 16, 2016**, and defendant shall have until **March 23, 2016** to file a response, also not to exceed five pages.

**IT IS SO ORDERED.**

Dated: March 9, 2016

_____

PHYLLIS J. HAMILTON
United States District Judge