UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ROSE, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>STEPHENS INSTITUTE,<br><br>             Defendant. | Case No. 09-cv-05966-PJH<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 189 |

      Before the court is a motion for leave to file a motion for reconsideration brought by defendant Stephens Institute, d/b/a Academy of Art University ("AAU"). Dkt. 189. AAU asks for reconsideration of the court's May 4, 2016 order denying summary judgment, see Dkt. 179, in light of the Supreme Court's recent decision in Universal Health Services, Inc. v. United States ex rel. Escobar, 579 U.S. __ (2016) ("Escobar"). AAU argues that Escobar "imposes a more rigorous materiality analysis than previously prevailed in the Ninth Circuit." Dkt. 189 at 2.

      Pursuant to Local Rule 7-9(b)(2), leave to file a motion for reconsideration may be granted when a party shows "reasonable diligence" in bringing the motion, and there has been a "change in law occurring after the time" of the original order. L.R. 7-9(b)(2). Because Escobar articulated a materiality standard under the False Claims Act ("FCA") that, at least potentially, undermines the existing Ninth Circuit law on the issue, the court will permit AAU to file a motion for reconsideration to address whether the alleged noncompliance with the statutory requirements in this case was "material" under 31 U.S.C. § 3729(b)(4) as construed by Escobar. Materiality was not "meaningfully

1  challenged" in the court's prior summary judgment order because this issue was settled
2  by Ninth Circuit authority.  United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d
3  1166, 1175–76 (9th Cir. 2006).  Briefing on such issues is therefore appropriate, and the
4  court GRANTS AAU leave to file a motion for reconsideration on new matters raised as a
5  result of Escobar.
6  However, AAU's motion also argues for leave to file a motion for reconsideration
7  under Local Rule 7-9(b)(3), which allows reconsideration based on a "manifest failure by
8  the court to consider material facts or dispositive legal arguments."   In this part of its
9  motion, AAU attempts to re-argue factual matters unrelated to Escobar and already
10  decided against it on summary judgment.  For example, AAU attempts to re-litigate its
11  summary judgment arguments with respect to the falsity element of the FCA claim by
12  maintaining that its "Scorecard plan" complied with the incentive compensation ban as a
13  matter of law.  See Mot. 7–9.  The court has already found that there is a disputed issue
14  of fact as to "whether AAU paid compensation solely on the basis of enrollment success,
15  and in doing so, made an impliedly false certification" of compliance with the incentive
16  compensation ban. Dkt. 179 at 16.  AAU does not articulate any basis under Escobar
17  that affects this finding.  AAU also raises the apparently-new argument that, at least as to
18  2008, it complied with the incentive compensation ban because it made no salary
19  adjustments that year.  See Mot. at 9–10.  However, AAU does not indicate how Escobar
20  gives rise to this issue and why it did not raise the argument earlier.  The court sees no
21  basis to reconsider such issues, and thus DENIES AAU's motion for leave to file a motion
22  for reconsideration under Local Rule 7-9(b)(3).
23  Accordingly, AAU may file a motion for reconsideration based upon changes in the
24  law as a result of Escobar, such as the materiality element, as applied to the facts of this
25  case.  AAU may not seek reconsideration of issues unrelated to Escobar that have
26  already been decided and/or could have been raised earlier.
27  Having reviewed the papers, and good cause appearing, the defendant's motion
28  for leave is GRANTED in part and DENIED in part.  The case management conference

set for June 30 is VACATED. Defendants shall file any motion for reconsideration by Thursday, July 7. Briefs in opposition shall be due by July 21; reply briefs by July 28.

**IT IS SO ORDERED.**

Dated: June 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge