BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

BRIAN STRETCH (CABN 163973)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
KIMBERLY FRIDAY (MABN 660544)
Deputy Chief, Civil Division
Assistant United States Attorney
     450 Golden Gate Ave.
     San Francisco, California 94102
     Telephone: (415) 436-7102
     Fax: (415) 436-6748
     Email: kimberly.friday@usdoj.gov

MICHAEL D. GRANSTON
RENEÈ BROOKER
JONATHAN H. GOLD (Maryland Bar member)
     Attorneys, Civil Division
     P.O. Box 261
     Ben Franklin Station
     Washington, D.C. 20044
     Telephone: (202) 353-7123
     Fax: (202) 307-3852
     Email: jonathan.gold@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SCOTT ROSE, MARY AQUINO, MITCHELL NELSON AND LUCY STEARNS,<br><br>   Plaintiffs,<br><br>          v.<br><br>STEPHENS INSTITUTE d/b/a ACADEMY OF ART UNIVERSITY, *et al.*,<br><br>   Defendants. | Case No.: C-09-5966 PJH<br><br>**United States' Statement of Interest**<br><br>Judge: Hon. Phyllis J. Hamilton<br>Date: Nov. 9, 2016<br>Time: 9:00 AM<br>Location: Courtroom 3, 3rd Floor<br>1301 Clay Street<br>Oakland, CA 94612 |

U.S. STATEMENT OF INTEREST
Dkt. No. 4:09-cv-5966-PJH

## <u>TABLE OF CONTENTS</u>

Introduction ................................................................................................................................. 1

I.     The Court's holding that *Escobar*'s two-part test is not exclusive is not subject to substantial disagreement, nor does it present a controlling issue of law ........................................................ 3

II.    The Court's holding that *Escobar*'s test is satisfied in this case is not subject to substantial grounds for disagreement .......................................................................................................... 6

III.   The Academy cannot meet the criteria for interlocutory appeal with respect to the Court's materiality holding ...................................................................................................................... 7

Conclusion ................................................................................................................................. 9

1

**TABLE OF AUTHORITIES**

2

3
**Cases**:

4
*Aldapa v. Fowler Packing Co.*, 2016 U.S. Dist. Lexis 115064 (E.D. Cal. Aug. 26, 2016) ...............7

*Allen v. Conagra Foods, Inc.*, 2013 U.S. Dist. Lexis 161231 (N.D. Cal. Nov. 12, 2013) .........................7

5
*California v. Kinder Morgan Energy Partners, L.P.*,
6
   2016 U.S. Dist. Lexis 40551 (S.D. Cal. Mar. 24, 2016) ............................................7

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) .................................................1, 3, 6, 9
7
*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010) ......................................... 3-5

8
*Falco v. Nissan N. Am., Inc.*, 108 F. Supp. 3d 889 (C.D. Cal. 2015) ..........................................3

9
*Flores v. Velocity Express, LLC*, 2015 U.S. Dist. Lexis 95695 (N.D. Cal. July 21, 2015) .......................7

*Heaton v. Soc. Fin., Inc.*, 2016 U.S. Dist. Lexis 6690 (N.D. Cal. Jan. 20, 2016)........................................1
10
*In re Cement Antitrust Litig.*, 673 F.2d 1020 (9th Cir. 1982) .................................................1, 5

11
*Marquardt v. Nationstar Mortg., LLC*, 2015 U.S. Dist. Lexis 73801 (D. Nev. June 8, 2015 ...................6

*Sateriale v. R.J. Reynolds Tobacco Co.*, 2015 U.S. Dist. Lexis 78664 (C.D. Cal. June 17, 2015) ...........7
12
*Steering Comm. v. United States*, 6 F.3d 572 (9th Cir. 1993) ........................................................7

13
*Teem v. Doubravsky*, 2016 U.S. Dist. Lexis 13452 (D. Or. Jan. 7, 2016) ..........................................7

*Tsyn v. Wells Fargo Advisors, LLC*, 2016 U.S. Dist. Lexis 57519 (N.D. Cal. Apr. 29, 2016) ...............7
14
*United States ex rel. Dalitz v. AmSurg Corp.*, 2016 U.S. Dist. Lexis 8951 (E.D. Cal. Jan. 22, 2016)........1

15
*United States ex rel. Dresser v. Qualium Corp.*, 2016 U.S. Dist. Lexis 93248 (N.D. Cal. July 18, 2016) .4

16
*United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009).................................................1

*United States ex rel. Handal v. Cent. Empl. Training*,
17
   2016 U.S. Dist. Lexis 105158 (E.D. Cal. Aug. 8, 2016) ................................................ 5, 7-8

18
*United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166 (9th Cir. 2006)........................... 2, 6-9

*United States Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966).........................................................3
19
*Universal Health Services v. United States ex rel. Escobar*, 579 U.S. __, 136 S. Ct. 1989 (2016) .. *passim*

20

21
**Statutes**:

22
28 U.S.C. § 517..............................................................................................................1

23
28 U.S.C. § 1292(b) ............................................................................................ *passim*

31 U.S.C. §§ 3729(b)(4) ........................................................................................8
24
31 U.S.C. §§ 3729-3733 ........................................................................................1

25

26

27

28
U.S. STATEMENT OF INTEREST
Dkt. No. 4:09-cv-5966-PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

The United States respectfully submits this Statement of Interest pursuant to the False Claims

Act (FCA), 31 U.S.C. §§ 3729-3733, and 28 U.S.C. § 517 to respond to particular arguments the

Defendant puts forth in its Motion for Leave to Appeal (ECF No. 212) (hereafter "Academy Br.").   A

court may permit interlocutory review under 28 U.S.C. § 1292(b) when the movant can demonstrate that

the order to be appealed involves: (1) a "controlling question of law"; (2) "as to which there is

substantial ground for difference of opinion"; and (3) an immediate appeal would "materially advance

the ultimate termination of the litigation."[1]   "A court must find that each of these elements exists or the

question of law should not be certified and the certification is jurisdictionally defective."   *United States*

*ex rel. Dalitz v. AmSurg Corp.*, 2016 U.S. Dist. Lexis 8951, at \*25 (E.D. Cal. Jan. 22, 2016) (citing

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).   Even if all of the requirements have been

met, the District Court still retains the discretion to deny the request for certification.   "The decision to

certify an order for interlocutory appeal is committed to the sound discretion of the district court.   As

such, even when all three statutory criteria are satisfied, district court judges have unfettered discretion

to deny certification."   *Heaton v. Soc. Fin., Inc.*, 2016 U.S. Dist. Lexis 6690, at \*4 (N.D. Cal. Jan. 20,

2016) (internal quotations and citations omitted); *see also In re Cement Antirust Litig.*, 673 F.2d 1020,

1026 (9th Cir. 1982) ("If we conclude that the requirements have been met, we may, but need not,

exercise jurisdiction.").

First, the Academy spends most of its time arguing that there is "substantial ground for

difference of opinion" with this Court's holding that *Escobar*'s[2] two-part test for false representations is

---

[1] Although the United States is a real party in interest, it is not a party to this case.  *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009).  Consistent with this non-party status, the United States is expressing its views only on particular arguments advanced by the Academy in its Motion.

[2] *Universal Health Services v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

U.S. STATEMENT OF INTEREST
Dkt No.: 4:09-cv-5966-PJH

1   not the exclusive basis for implied certification liability.  This Court's holding was based on the

2   Supreme Court's express statement that it was *not* deciding whether implied certification liability can

3   exist in the absence of any misleading representations.  The Supreme Court was clear and explicit on

4   this very point.  Accordingly, the Academy cannot show substantial ground for difference of opinion.

5          Second, this Court went on to hold that the Relator nonetheless met *Escobar*'s two-part test.  The

6   applicability of the two-part test, therefore, is not a "controlling question of law" because the trial would

7   be conducted in exactly the same way.  Specifically, the Court held that if the jury found the Academy

8   violated the incentive compensation ban (ICB), it would no longer qualify as an eligible institution under

9   Title IV.  Thus, its representations in its loan origination forms that it *was* an eligible institution would

10  constitute false representations or misleading "half truths" and therefore satisfy the test set forth in

11  *Escobar*.

12         Although the Academy attacks this Court's conclusion that violation of the ICB renders a school

13  ineligible, that ruling is supported by the Ninth Circuit's prior holding saying exactly that: "[T]he

14  ***eligibility*** of the University under Title IV and the Higher Education Act of 1965—and thus, the funding

15  associated with such eligibility—is *explicitly* conditioned . . . on compliance with the incentive

16  compensation ban."  *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1175 (9th Cir.

17  2006) (first emphasis added).  *Escobar* did not address the ICB or eligibility of schools for Title IV

18  funds—the case arose in the context of Medicaid, not Education—and thus has no plausible effect on

19  this aspect of the holding in *Hendow*.  Because Section 1292(b) is not a means to seek review of an

20  appellate court's own precedents, the Academy cannot demonstrate a substantial ground for difference

21  of opinion on this issue.

22         Finally, the Court correctly held that violation of the ICB was material to payment.  The Court's

23  analysis is well grounded in the facts of the case.  Moreover, that issue is a run-of-the-mill mixed

24  question of law and fact that courts have generally held is inappropriate for interlocutory review.

1

## ARGUMENT

2

3

**I.   The Court's holding that *Escobar*'s two-part test is not exclusive is not subject to substantial disagreement, nor does it present a controlling issue of law.**

4    The Academy devotes most of its argument to attacking the Court's falsity holdings, primarily

5  arguing that there is substantial ground for difference of opinion.  However, "a party's strong

6  disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for

7  difference.'"  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (internal quotations and

8
   citations omitted).  Rather, as the Ninth Circuit explained in *Couch*:
9

10         Courts traditionally will find that a substantial ground for difference of opinion exists
           where the circuits are in dispute on the question and the court of appeals of the circuit has
11         not spoken on the point, if complicated questions arise under foreign law, or if novel and
           difficult questions of first impression are presented.  However, just because a court is the
12         first to rule on a particular question or just because counsel contends that one precedent
           rather than another is controlling does not mean there is such a substantial difference of
13         opinion as will support an interlocutory appeal.

14  *Id.* at 633 (internal quotations and citations omitted).  In fact, "[i]t is well settled that the mere presence

15  of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a

16  substantial ground for difference of opinion."  *Id.* at 634 (internal quotations and citations omitted).

17  "[D]istrict courts must often resolve novel questions.  Interlocutory appeal should not function 'merely

18  to provide review of difficult rulings in hard cases.'"  *Falco v. Nissan N. Am., Inc.*, 108 F. Supp. 3d 889,

19  893 (C.D. Cal. 2015) (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

20
21  Finally, "that settled law might be applied differently does not establish a substantial ground for

22  difference of opinion."  *Couch*, 611 F.3d at 633.

23         The Academy first argues that there is substantial ground for difference with the Court's holding

24
25  regarding the applicability of *Escobar*'s two-part test.  Specifically, the Academy argues that *Escobar*

26  established a two-part test for implied certification claims that applies in every case, and therefore

27  effectively overruled the Ninth Circuit's implied certification test established in *Ebeid ex rel. United*

28  U.S. STATEMENT OF INTEREST
    Dkt No.: 4:09-cv-5966-PJH

*States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010).  In rejecting the Academy's argument that the *Escobar*

test is the sole test for implied certification, this Court explained:

> The Supreme Court's statement that FCA liability attached "at least where two conditions
> are satisfied," *Escobar*, 136 S. Ct. at 2001, must be read in context.  The Court explicitly
> prefaced its holding by making clear that "[w]e need not resolve whether all claims for
> payment implicitly represent that the billing party is legally entitled to payment."  Id. at
> 2000 . . . .  The language in Escobar that AAU relies upon does not purport to set out, as an
> absolute requirement, that implied false certification liability can attach only when these
> two conditions are met.

Order (ECF No. 208), at 8.  The Court's ruling was unquestionably correct as it relied on the

unambiguous language in *Escobar* that the Supreme Court was *not* resolving the broader issue of

implied certification.  Indeed, it is difficult to imagine how the Supreme Court could be clearer that it

was not reaching the broader issue.  Thus, the Academy is either asking this Court to ignore the plain

language of *Escobar*, or arguing that the Supreme Court did not really mean what it said.  Both of these

arguments are untenable, and do not provide a credible basis for finding substantial room for

disagreement with the Court's ruling.

The Academy cites to several district court opinions that it contends reached the opposite

conclusion of this Court.  Academy Br. at 9-10.  In each of the cases the Academy points to, however,

the courts merely cited to the two conditions the Supreme Court established in *Escobar* to assess the

falsity of particular representations.  None of those cases actually discuss *Escobar*'s express language

that it was "not resolv[ing]" the implied certification issue for every case, *Escobar*, 136 S. Ct. at *2000,

or meaningfully discuss whether the alleged two-part test applies in all circumstances.  In *United States*

*ex rel. Dresser v. Qualium Corp.*, 2016 U.S. Dist. Lexis 93248 (N.D. Cal. July 18, 2016), cited at

Academy Br. at 9, for example, this Court considered implied certification only as an alternative theory

of liability in a motion to dismiss a complaint, which was filed before *Escobar* was decided.  *Id.* at *18-

20.  Although the Court referenced the two-part test, it held that the complaint failed to meet *Escobar*'s

requirement for **materiality**, not that the claims at issue could not be false as a matter of law.  *Id.* at *20.

1  Likewise, in *United States ex rel. Handal v. Cent. Empl. Training*, 2016 U.S. Dist. Lexis 105158, at *11-

2  12 (E.D. Cal. Aug. 8, 2016), cited at Academy Br. at 9, the court cited the *Escobar* two-part test but also

3  explained, in the context of an Education grant application case, that "[t]he submission of a claim for

4  payment following initial approval of a grant funding agreement is an implicit reaffirmation of

5  compliance." *Id.*

6

7  Ultimately, this Court need not resolve whether there is substantial ground for disagreement on

8  the exclusivity of *Escobar*'s two-prong test, because the issue is not a "controlling question of law" in

9  this case.  A question of law is "controlling" under Section 1292(b) if its "resolution of the issue on

10  appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust

11  Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Here, as discussed below, the Court held that even if

12  *Escobar*'s two-part test applied to this case, the Relator has met that test.  Order, at 8-9.  Therefore, a

13  finding by the jury that the Academy violated the ICB would be sufficient to support falsity under

14  *Escobar*'s test, and trial would be conducted in exactly the manner regardless of how the Ninth Circuit

15  ultimately ruled on the exclusivity of that test.[3]  Accordingly, the applicability of the *Escobar* test is not

16  a controlling question of law in this case.

17

18

19

20

21

22  ───────────────

23  [3] The Academy's only argument in response is that appellate resolution is necessary because the
Court cannot issue two sets of jury instructions.  Academy Br. at 3.  This argument has no bearing on

24  whether there is substantial ground for disagreement, or any other under criteria for interlocutory appeal
under Section 1292(b).  Moreover, courts regularly instruct juries on multiple theories of liability, and

25  there is no reason the Court cannot do so here.  Regardless, the Court can instruct the jury that if it finds
the Academy violated the incentive compensation ban, then it should find that the loan forms containing
the representations were false.  A jury need not also be instructed that its finding that the claims are false

26  could also be sustained under a different legal theory that does not depend on the specific
representations in those claims.  Thus, a finding that the Academy violated the ICB while submitting the

27  claim forms at issue is sufficient for a finding of falsity under both *Ebeid*'s implied certification holding
and under *Escobar*.

28  U.S. STATEMENT OF INTEREST
Dkt No.: 4:09-cv-5966-PJH

## II.     The Court's holding that *Escobar*'s test is satisfied in this case is not subject to substantial grounds for disagreement.

The Academy also argues that there is substantial room for disagreement with the Court's alternative holding that the Relator has satisfied the *Escobar* test.  This Court explained that *Escobar*'s two-part test was satisfied in this case as follows:

> Even assuming that this "two-part test" applied, relators have raised a triable issue that the claims here were impliedly false per the two conditions of <u>Escobar</u>.  As the loan form submitted by AAU shows . . . , AAU's request for payment represents that the student-borrower is "eligible" and is enrolled "in an eligible program."  If AAU was not in compliance with the ICB, failure to disclose this fact would render the loan forms misleading because AAU would not have been an "eligible institution."

Order, at 8-9.  While the Academy argues that violation of the ICB does not lead to loss of eligibility to receive Title IV funds, the Ninth Circuit has already held that it does.  "The ***eligibility*** of the University under Title IV and the Higher Education Act of 1965—and thus, the funding associated with such eligibility—is *explicitly* conditioned . . . on compliance with the incentive compensation ban."  *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1175 (9th Cir. 2006) (first emphasis added).  *Hendow*'s holding regarding the effect of violating the ICB is not undermined by *Escobar*.  *Escobar* was not an Education case and did not address any Education statutes or regulations, including the ICB.

As noted earlier, the "substantial ground for difference" prong cannot be met where the controlling court of appeals has already spoken on the issue.  *See Couch*, 611 F.3d at 634 (a substantial ground for difference of opinion may exist where "the court of appeals of the circuit has ***not*** spoken on the point") (emphasis added).  Because this Court's ruling follows directly from Ninth Circuit precedent, there cannot be any substantial ground for difference of opinion with its holding.  While the Academy may disagree with *Hendow*, interlocutory review is not an appropriate means for asking an appellate court to reconsider and overrule its own precedent.  *Marquardt v. Nationstar Mortg., LLC*, 2015 U.S. Dist. Lexis 73801, at *4 (D. Nev. June 8, 2015) (denying interlocutory review where court "relied upon binding Ninth Circuit precedent").

U.S. STATEMENT OF INTEREST
Dkt No.: 4:09-cv-5966-PJH

-6-

### III.   The Academy cannot meet the criteria for interlocutory appeal with respect to the Court's materiality holding.

The Academy has also failed to meet Section 1292(b)'s criteria for interlocutory appeal of the Court's holding regarding the materiality of the ICB.  As an initial matter, the materiality of the ICB is not a controlling question of **_law_**.  "'[A] mixed question of law and fact,' by itself, is not appropriate for permissive interlocutory review."  *Flores v. Velocity Express, LLC*, 2015 U.S. Dist. Lexis 95695, at *6 (N.D. Cal. July 21, 2015) (quoting in part *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993)); *Allen v. Conagra Foods, Inc.*, 2013 U.S. Dist. Lexis 161231, at *9 (N.D. Cal. Nov. 12, 2013) ("the issue is not one of 'pure' law and is not appropriate for interlocutory review").  "[M]any courts have found the question of law must be a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts."  *Aldapa v. Fowler Packing Co.*, 2016 U.S. Dist. Lexis 115064, at *3 (E.D. Cal. Aug. 26, 2016) (collecting cases) (noting, however, that the Ninth Circuit has not yet ruled on the issue); *see also California v. Kinder Morgan Energy Partners, L.P.*, 2016 U.S. Dist. Lexis 40551, at *5-6 (S.D. Cal. Mar. 24, 2016) ("A 'question of law' generally means a 'pure' question of law, not a mixed question of law and fact, or an application of law to a particular set of facts."); *Teem v. Doubravsky*, 2016 U.S. Dist. Lexis 13452, at *3 (D. Or. Jan. 7, 2016) (same).  "The question must be of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than whether the party opposing summary judgment had raised a genuine issue of material fact."  *Sateriale v. R.J. Reynolds Tobacco Co.*, 2015 U.S. Dist. Lexis 78664, at *5 (C.D. Cal. June 17, 2015) (internal quotations, citations, and alteration omitted).

With respect to the materiality of the ICB, this Court first found that *Hendow*'s holding that the ICB is material remains binding precedent.  Order, at 10.  Although the Academy argues there is substantial difference of opinion with this conclusion, the Court's ruling is actually supported by the cases the Academy cites.  In *United States ex rel. Handal v. Cent. Empl. Training*, 2016 U.S. Dist. Lexis

1   105158 (E.D. Cal. Aug. 8, 2016), cited in Academy Br. at 9, the court, in a post-*Escobar* decision,

2   considered the materiality of a school's misrepresentation of employment rates and other information to

3   payment of funds under Title IV.  The court held that these alleged false statements were material,

4   explaining, "[i]n assessing the materiality element, the court looks at whether 'the statutory requirements

5   are causally related to [the government's] decision to pay out moneys due.'"  *Id.* at *19-20 (quoting

6   *Hendow*, 461 F.3d at 1175).  The court found that the requirements at issue were causally related

7   because they were embodied in the program participation agreement that the school had signed.  *Id.* at

8   *20.

9

10          This Court went on to examine the specific factors *Escobar* laid out for courts to consider when

11   evaluating materiality.  The Court applied those factors to the specific facts in the record in this case,

12   and concluded that the ICB was material to payment.  Order, at 10-11.  The Court noted that the

13   Department of Education handled 54 ICB cases, and that 22 of these cases resulted in schools'

14   agreements to collectively pay over $59 million back to the Department.  Order, at 11.  As the Court

15   explained, these "actions show that the DOE cared about the ICB, and that it did not always pay the

16   claims 'in full' despite knowledge of the ICB violations."  Order, at 11.  The Court also noted other

17   factors that supported materiality, including the Department's steps to eliminate the safe harbors and to

18   officially rescind the Hansen Memo.  *Id.*  Thus, as the Court correctly summarized, "the government's

19   corrective reforms, fines, and settlement agreements show that it considered the ICB to be an important

20   part of the Title IV bargain, and that it took action against schools based on ICB noncompliance.  These

21   actions show that ICB noncompliance was 'capable of influencing' the government's payment

22   decisions."  *Id.* at 12 (quoting in part 31 U.S.C. § 3729(b)(4)).

23          The Academy does not cite a single case that disagrees with this Court's analysis.  Rather, the

24   Academy responds by merely repeating its argument that it does not believe these actions were

25   substantial enough to create a genuine issue of fact with respect to materiality.  Academy Br. at 13-14.

1   Yet, this line of argument merely repeats counsel's own disagreement with the Court's ruling, which is

2   insufficient to demonstrate a substantial ground for difference of opinion.  *See Tsyn v. Wells Fargo*

3   *Advisors, LLC*, 2016 U.S. Dist. Lexis 57519, at *10 (N.D. Cal. Apr. 29, 2016) (denying certification

4   where argument "simply takes issue with the court's summary-judgment holding . . . . [and] do[es] not

5   show that this is the sort of 'exceptional' case that should be reviewed now, rather than follow the

6   normal course of full disposition and unitary appeal."); *Couch*, 611 F.3d at 633 ("[A] party's strong

7   disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for

8   difference.'").

9

10                                            **<u>CONCLUSION</u>**

11          The Academy cannot satisfy the criteria for interlocutory review under 28 U.S.C. § 1292(b).  The

12   Academy cannot demonstrate that the rulings it seeks to appeal are controlling questions of law, or that

13   there is substantial ground for difference of opinion with respect to those holdings.  The Court's rulings

14   were well-grounded in the express language of *Escobar* and *Hendow* and rooted in the facts in the

15   record.  Accordingly, the Academy's motion for interlocutory appeal should be denied.

16

17                                                           Respectfully submitted,

18

19   Dated: October 14, 2016                                 BENJAMIN C. MIZER
                                                             Principal Deputy Assistant Attorney General
20

21                                                           BRIAN STRETCH
                                                             United States Attorney
22

23                                                            s/ Kimberly Friday
                                                             KIMBERLY FRIDAY
24                                                           Assistant United States Attorney

25                                                            s/ Jonathan H. Gold
26                                                           JONATHAN H. GOLD
                                                             Trial Attorney
27

28   U.S. STATEMENT OF INTEREST
     Dkt No.: 4:09-cv-5966-PJH