UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT ROSE, et al.,

    Plaintiffs,

    v.

STEPHENS INSTITUTE,

    Defendant.

Case No. 09-cv-05966-PJH

**ORDER GRANTING IN PART MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Re: Dkt. No. 212

Before the court is defendant Stephens Institute's motion certify this court's September 20, 2016 order for interlocutory appeal, and to stay the case pending appeal. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 9, 2016 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part.

## BACKGROUND

The facts of the case are described in the court's prior orders denying defendant's motions for summary judgment and reconsideration. See Dkt. 179, 208. In brief, plaintiff-relators Scott Rose, Mary Aquino, Mitchell Nelson, and Lucy Stearns ("relators") allege that defendant Stephens Institute, doing business as Academy of Art University ("AAU") fraudulently obtained government funds from the U.S. Department of Education (the "DOE") by falsely certifying compliance with Title IV of the Higher Education Act. In particular, relators allege that AAU received Title IV funds while not in compliance with the incentive compensation ban ("ICB"), which prohibits colleges and universities from paying recruiters bonuses or other incentive payments based on enrollment success. 20 U.S.C. § 1094(a)(20); 34 C.F.R. § 668.14(b)(22).

On May 4, 2016, the court denied AAU's motion for summary judgment, but limited the relators' case to a single claim for implied false certification under 31 U.S.C. § 3729(a)(1)(A). Dkt. 179 at 11–13. Implied false certification "occurs when an entity has previously undertaken to expressly comply with a law, rule, or regulation, and that obligation is implicated by submitting a claim for payment even though a certification of compliance is not required in the process of submitting the claim." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010).

A False Claims Act ("FCA") claim has four elements: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006). Under Ebeid, falsity under an implied certification theory requires that "(1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation." 616 F.3d at 998.

On June 1, 2016, the court granted a stay of proceedings until the Supreme Court issued its ruling in Universal Health Services, Inc. v. United States ex rel. Escobar, 136 S. Ct. 1989 (2016), in which the Court was to address whether the implied certification theory of legal falsity under the FCA was viable. Dkt. 183. On September 20, 2016, this court denied AAU's motion for reconsideration of the court's summary judgment order based on the decision in Escobar. See Dkt. 208 (the "September 20 Order").

In pertinent part, the September 20 Order first held that that Escobar did not create a "two-part test" for falsity that applies to every implied false certification claim. Id. at 8–9. Rather, the Court in Escobar expressly declined to decide "whether all claims for payment implicitly represent that the billing party is legally entitled to payment." 136 S. Ct. at 2000. This court found that "two conditions" described in Escobar, while sufficient to support FCA liability "at least" as to the particular claim before the Court, were not absolute requirements that must be met in all implied false certification cases. Sept. 20

Order at 8.  In particular, Escobar left intact the Ninth Circuit's Ebeid standard for implied false certification.[1]

Second, the September 20 Order held that although Escobar made clear that the materiality standard for liability under the FCA is "rigorous" and "demanding," the Ninth Circuit's holding in Hendow that ICB noncompliance is material remained good law.  Id. at 9–10.  Nonetheless, the court went on to independently analyze the ICB under Escobar's standard for materiality.  Id. at 10–12.  The court found that relators had submitted evidence tending to show that the ICB was "capable of influencing" the DOE's payment decisions.  Id. at 12 (quoting 31 U.S.C. § 3729(b)(4)).  As a result, the court concluded that there was a triable issue of fact as to whether the ICB was material, precluding summary judgment.  Sept. 20 Order at 12.

AAU now moves this court to certify the September 20 Order for an interlocutory appeal under 28 U.S.C. § 1292(b).  Dkt. 212.  AAU's motion identifies four "controlling questions of law" that it contends are suitable for certification.

**DISCUSSION**

**A.    Legal Standards**

The rule allowing a party to seek certification to appeal an interlocutory order, 28 U.S.C. § 1292(b), is a departure from the normal rule that only final judgments are appealable, and therefore it must be construed narrowly.  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067–68 n.6 (9th Cir. 2002).  To obtain certification for interlocutory review, the court must find "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981) (citing 28 U.S.C. § 1292(b)).

///

---

[1] As an alternative basis for the denial of summary judgment, the court found that triable issues existed as to whether the loan certification forms used by AAU contained "specific representations" that were "misleading half-truths" under the "two conditions" of Escobar.  Sept. 20 Order at 8–9.

If an order is certified for interlocutory appeal, the case is not stayed "unless the district court or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). However, this court has "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" See Ritz Camera & Image, LLC v. Sandisk Corp., No. 5:10-CV-02787-JF/HRL, 2011 WL 3957257, at *3 (N.D. Cal. Sept. 7, 2011) (quoting Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)).

**B.    Analysis**

AAU's motion seeks certification of four questions:  (1) whether claims for payment can support liability under an implied false certification theory without meeting the "two conditions" described in Escobar; (2) whether a failure to comply with the ICB automatically causes a loss of institutional eligibility under Title IV; (3) whether the Ninth Circuit's pre-Escobar materiality analysis in Hendow remains good law; and (4) whether the materiality standard of Escobar is met in this case, in light of the DOE's past practice of only rarely terminating an institution's participation in Title IV based on ICB noncompliance.  Dkt. 212 at 4–5.

The court finds that the first question—whether Escobar's "two conditions" are necessary conditions for liability—is appropriate for certification.  Although this court did not understand Escobar to create a rigid "two-part test" for implied certification liability, other courts appear to treat the two conditions of Escobar as absolute requirements. See, e.g., United States ex rel. Handal v. Ctr. for Emp't Training, No. 2:13-cv-01697-KJM-KJN, 2016 U.S. Dist. LEXIS 105158, at *12 (E.D. Cal. Aug. 8, 2016) ("To establish implied false certification, a plaintiff must show [Escobar's two conditions]."); United States ex rel. Doe v. Health First, Inc., No. 6:14-cv-501-Orl-37DAB, 2016 U.S. Dist. LEXIS 95987, at *8 (M.D. Fla. July 22, 2016) ("[Escobar's] two conditions must exist to impose liability . . . ."); United States ex rel. Creighton v. Beauty Basics Inc., No. 2:13-CV-1989-VEH, 2016 U.S. Dist. LEXIS 83573, at *9 (N.D. Ala. June 28, 2016) ("[T]he plaintiff must allege [Escobar's two conditions]."). Because of the uncertainty about this issue in

4

the district courts, the court finds that clarity on the appropriate standard for falsity in implied certification claims post-Escobar would materially advance the resolution of this litigation. In particular, guidance from the Ninth Circuit would be helpful in crafting jury instructions should the case proceed to trial.

AAU's second question for certification presumes that the first question is decided in its favor. If Escobar's "two-part test" applies here, the relators must show that AAU's claim for payment (the Federal Stafford Loan School Certification form, see Dkt. 194-5) contains "specific representations about the goods or services provided" which are "misleading half-truths" in light of AAU's alleged failure to comply with the ICB. 136 S. Ct. at 2001. In the September 20 Order, this court found that because AAU's loan certification represented that the student-borrower is "eligible" and is enrolled "in an eligible program," a failure to disclose noncompliance with the ICB would render the loan forms "misleading." However, AAU argues that, even assuming that it was not in compliance with the ICB, nothing in the loan certification forms would be misleading because its institutional eligibility is not lost upon ICB noncompliance. The court finds that this question, as well, is a controlling issue of law as to which reasonable jurists might disagree that is appropriate for certification.

AAU's third question for certification goes to the materiality element of an FCA claim. Prior to Escobar, the Ninth Circuit held that the ICB is material as that term is used in the FCA. See Hendow, 461 F.3d at 1175–77 (holding that the ICB is a material condition of Title IV funding). As the court noted in its September 20 Order, however, the reasoning of Hendow relied heavily on the fact that Title IV funds are "explicitly conditioned, in three different ways, on compliance with the incentive compensation ban." Sept. 20 Order at 10 (quoting Hendow, 461 F.3d at 1175). After Escobar, this is only one non-dispositive factor to consider in the materiality analysis as "statutory, regulatory, and contractual requirements are not automatically material." 136 S. Ct. at 2001–02.

Although this court concluded that it was bound by the holding of Hendow, it is a close question whether the ICB is material under Escobar, with its focus on "the effect on

5

the likely or actual behavior of the recipient of the alleged misrepresentation." 136 S. Ct. at 2002. The court finds that this issue is a controlling matter of law on which reasonable jurists could disagree. Compare United States v. Sanford–Brown, Ltd., No. 14-2506, 2016 WL 6205746, at *1 (7th Cir. Oct. 24, 2016) (affirming finding that "noncompliance with Title IV regulations" was immaterial following Escobar) with United States ex rel. Miller v. Weston Educ., Inc., No. 14-1760, 2016 WL 6091099, at *6 (8th Cir. Oct. 19, 2016) (finding triable issues of fact as to whether Title IV recordkeeping requirements are material under Escobar). Moreover, this case is a strong vehicle for the Ninth Circuit to consider its materiality law in light of Escobar, as the facts are substantially similar to those in Hendow. Because the materiality issue, if decided in AAU's favor, could resolve the case, the court further finds that its resolution would advance the ultimate termination of the litigation, and therefore certifies the matter for interlocutory appeal.

AAU's final question also relates to materiality. Presuming that Hendow's holding on ICB materiality is no longer binding, AAU seeks to certify the issue of whether the ICB is material in light of the fact that the DOE has only rarely suspended schools' participation in Title IV based on ICB noncompliance. In the September 20 Order, this court reviewed the evidence regarding the DOE's past enforcement of the ICB and concluded that a triable issue of fact existed because "the [DOE's] corrective reforms, fines, and settlement agreements show that it considered the ICB to be an important part of the Title IV bargain, and that it took action against schools based on ICB noncompliance." Sept. 20 Order at 12.

Although the court finds that reasonable jurists could disagree on the matter, AAU's fourth question is inappropriate for certification as it is not a "question of law." See 28 U.S.C. § 1292(b). If the Ninth Circuit chooses to alter Hendow's holding or analysis on materiality, the court can apply that new standard to the evidence submitted by relators and AAU on remand.

Having found that three of AAU's questions are suitable matters for an interlocutory appeal, the court also finds that a stay of the case is appropriate pending

appeal. A stay will promote judicial economy by delaying trial—the next step in this case—until these novel legal questions raised in the wake of Escobar are resolved. If the case proceeded to trial concurrently with the interlocutory appeal, and the Ninth Circuit ultimately disagreed as to legal standard for falsity or materiality, the court and parties would be forced to redo a lengthy and costly trial. Although relators object to further delay while this case is stayed, the delay will only be significant if the Ninth Circuit agrees that these questions of law are appropriate for prompt resolution, and accepts the appeal.

## CONCLUSION

For the foregoing reasons, the court CERTIFIES its September 20, 2016 Order and the following three questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

1. Must the "two conditions" identified by the Supreme Court in Escobar always be satisfied for implied false certification liability under the FCA, or does Ebeid's test for implied false certification remain good law?
2. Does an educational institution automatically lose its institutional eligibility if it fails to comply the ICB?
3. Does Hendow's holding that the ICB is material under the FCA remain good law after Escobar?

The court hereby STAYS the case pending resolution of AAU's appeal. In light of the stay, the case management conference scheduled for December 1, 2016 is VACATED. The parties shall notify the court upon the resolution of AAU's petition for permission to appeal, and upon the resolution of any appeal that is accepted by the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: October 28, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge